Argued and submitted February 17, judgment modified in part and remanded in part; otherwise affirmed on appeal and on cross-appeal June 9, 1993

In the Matter of the Marriage of

Kathleen Ann HANSEN,
*Respondent - Cross-Appellant,*
*and*

James Andrew HANSEN,
*Appellant - Cross-Respondent.*

(15-90-03418; CA A67517)

853 P2d 1330

George W. Kelly, Eugene, argued the cause and filed the briefs for appellant - cross-respondent.

Jeffrey E. Potter, Eugene, argued the cause for respondent - cross-appellant. With him on the brief were Herb Lombard and Lombard, Gardner, Honsowetz, Brewer & Schons, Eugene.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

## LANDAU, J.

Husband appeals and wife cross-appeals from the judgment dissolving their eight-year marriage. Both parties assign error to the trial court's division of property and to the award of spousal support. Husband also assigns error to the trial court's calculation of child support. We review *de novo*. ORS 19.125(3).

Husband is a 41-year-old college-educated business-man, who had assets worth over $600,000 when the parties married. During the marriage, the couple acquired additional property, including two corporations doing business as taverns. Husband derives most of his income from those businesses and from various rental properties.

Wife is 35 years old. Before the marriage, she worked for seven years as a hairdresser and cosmetologist, earning between $500 and $750 per month. After the marriage, she became a homemaker and mother to the parties' two children, who are now six and eight years old. She is currently studying to become a legal secretary and anticipates that, after approximately two years of education, she will be able to earn about $1,000 per month. She has custody of both children, and husband is required to provide for their health insurance and to maintain life insurance with the children named as beneficiaries.

■ We address the parties' disputes concerning the property division first, because the resolution of those issues can affect the other calculations. The record contains conflicting evidence about almost every aspect of the parties' finances, including the value of the corporations,[1] the actual ownership of certain real property, the validity of claimed liabilities and the possible future effects of two pending lawsuits. After a careful examination of the evidence, we conclude that we cannot formulate a division of property that is demonstrably more equitable than the plan that the trial court developed. Therefore, we will not disturb that part of the judgment. *Coote and Coote*, 112 Or App 342, 347, 831 P2d 32 (1992).

---

[1] Wife's expert witness valued the corporations as high as $550,000. Husband's expert witness valued the corporations at $0.

Both parties assign error to the award of spousal support. The trial court calculated husband's gross income to be $8,200 per month and wife's earning capacity to be $800 per month. It awarded wife $1,200 per month for four years, followed by a step-down to $900 per month to be paid for nine years. Husband argues that the duration of support is inequitable, because the parties were married only eight years, and wife is still young and healthy enough to support herself. He contends that wife will need no support after three years. Wife contends in her cross-appeal that the trial court underestimated husband's monthly income. She also asserts that the support award is insufficient, because she is unlikely ever to "close the gap" between her income and husband's.

We agree with the trial court's estimation of the parties' present earning capacities, but we do not agree with its support award. As wife observes, the court must try to arrive at an amount of support that will provide the supported spouse a standard of living that is not overly disproportionate to that she enjoyed during the marriage, to the extent that is possible. ORS 107.105(1)(d)(E). However, the law does not require the support to provide identical living standards for the parties in all cases. Instead, the court must try to do what is "just and equitable," considering all of the circumstances. ORS 107.105(1)(d).

It is doubtless true that wife is unlikely ever to earn as much as husband, but it is also true that husband brought most of the parties' income-producing assets and earning capacity into the marriage. Although wife is presumed to have contributed equally to increasing the value of the parties' assets, ORS 107.105(1)(f), that contribution is considered in the division of property. There is no evidence that she also substantially contributed to husband's education, training and earning power during the marriage. ORS 107.105 (1)(d)(C). Moreover, she does not argue that the marriage caused her to forego opportunities to maintain or increase her ability to earn a living.

Nevertheless, the parties' children are still young enough to require substantial care and attention that will demand much of wife's time for a number of years, during which she could otherwise focus on developing her career and increasing her income. We conclude, therefore, that wife's

need for support in the near future is greater than the trial court's award can satisfy. We find that an award of $1,800 per month for six years is just and equitable. During that time, wife can complete her education and establish herself in a career. After that, she should be able to focus more of her attention on increasing her status and earning capacity in her chosen field and will need no further support.

Because our modification of the spousal support award necessarily requires recalculation of child support, OAR 137-50-340(1), we remand for the trial court to recalculate the appropriate child support award. ORS 107.105(1)(c).

Judgment modified to award wife spousal support of $1,800 per month for six years; remanded for recalculation of child support; otherwise affirmed on appeal and on cross-appeal. Costs to wife.